UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT PROBST,

    Plaintiff,

v.

COMERICA BANK, et al.,

    Defendants.

_____/

Hon. Jane M. Beckering

Case No. 1:24-cv-989

**REPORT AND RECOMMENDATION; ORDER**

Plaintiff Scott Probst filed his pro se complaint in this case on September 20, 2024 against Comerica Bank, J.P. Morgan Chase Bank, Jessamyne M. Kalabat, Aaron F. Bayliss, Judge Maria Ladas Hoopes, the County of Muskegon, and Unknown Parties ## 1 and 2 (identified as John and Jane Doe), alleging claims concerning his mortgage loan with J.P. Morgan Chase Bank/Comerica Bank (the Banks), as well as rulings by Judge Hoopes and other issues arising from a state-court action to recover possession of property pending in the State of Michigan 60th Judicial District Court. (ECF No. 1.) In addition, Probst filed a motion to stay the action to evict him and a motion to compel Defendants to produce various documents. (ECF Nos. 2 and 3.) On September 24, 2024, Probst filed a motion for leave to file an amended complaint. (ECF No. 11.)

Probst's motion for leave to amend will be **GRANTED**. Having granted Probst's motion to proceed as a pauper (ECF No. 8), I have conducted an initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that the amended complaint be dismissed, and this action be terminated, because the Court lacks jurisdiction over the matter and

the amended complaint fails to state a claim and seeks monetary relief from a defendant who is immune from that form of relief.

### I. Background

On April 5, 2019, Probst obtained a loan from J.P. Morgan Chase Bank, N.A. and granted it a mortgage on real property commonly known as 3705 S. Dangle Rd. Muskegon, Michigan 49444 to secure the loan. (ECF No. 11-1 at PageID.64.) *See Comerica Bank v. Probst*, No. 1:24-cv-676 (W.D. Mich.) (Case No. 1:24-cv-676), ECF No. 1-2 at PageID.9. Probst defaulted on the loan, and Comerica Bank, to which the mortgage had been assigned, initiated a non-judicial foreclosure proceeding as authorized by Michigan law. *Id.* On or about November 17, 2023, a sheriff's sale was held, at which Comerica Bank purchased the property and obtained a Sheriff's Deed on Mortgage Sale. *Id.* Probst failed to redeem the mortgage prior to expiration of the redemption period and continued in possession of the property. Accordingly, on or about May 28, 2024, Comerica filed a Complaint to Recover Possession of Property in the 60th District Court. *Id.* at PageID.8.

On June 28, 2024, Probst filed a Notice of Removal seeking to remove the state-court proceeding to this Court. *See* Case No. 1:24-cv-676, ECF No. 1. On July 29, 2024, Judge Maloney issued an Order of Remand on the basis of lack of jurisdiction. *Id.*, ECF No. 12.

Probst thereafter initiated the present action against the Banks, their attorneys Jessamyne M. Kalabat and Aaron F. Bayliss, Judge Hoopes, Muskegon County, and John and Jane Doe. In his amended complaint, he asserts, among other things, that the mortgage was invalid for various reasons, that Judge Hoopes violated his constitutional rights by entering an order when she lacked jurisdiction to do so, that attorneys Kalabat and Bayliss conspired with the Banks to take his property without due process and conceal violations of his constitutional rights and that they are

2

unlawfully practicing law in violation of Michigan law, and that the County lacks policies to direct County employees to protect his constitutional rights. (ECF No. 11-1 at PageID.64–70.)

## II. Discussion

### A. Lack of Jurisdiction

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is firmly established that a court may dismiss an action sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

Although Probst does not cite 28 U.S.C. § 1331, he seeks to invoke federal question jurisdiction. The statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Probst asserts that his case presents the following federal questions: (1) "Is an affidavit signed but the right hand is not raised and orally sworn to a valid affidavit;" and (2) "If a notary does not have an individual raise their right hand and swear that the information is true and correct is the attestation proper?" (ECF No. 11-1 at PageID.64.) These are not federal questions, as they do not arise under the Constitution, laws, or treaties of the United States. Rather, they are issues of state law. Probst's reliance on *In re Bennett*, 223 F. Supp. 423 (W.D. Mich. 1963), is misplaced. In addition to being reversed by the Sixth Circuit, *see In re Bennett*, 338 F.2d 479 (6th Cir. 1964), on the very same

3

issue for which Probst cites the case, the district judge in *In re Bennett* was applying Michigan law (the Michigan chattel-mortgage-filing statute, § 566.140), not federal law. *See* 223 F. Supp. at 427. Moreover, Probst's vague assertions throughout his complaint of constitutional violations do not suffice to establish federal question jurisdiction. *See Engle v. UHaul*, 208 F. Supp. 3d 844, 846 (S.D. Ohio 2016) (holding that conclusory statement alleging federal claim is "woefully insufficient" to establish federal question jurisdiction); *Veasley v. Bryant*, No. 14-2558, 2014 WL 4057146, at *5 (W.D. Tenn. Aug. 15, 2014) ("[V]ague, attenuated and unsubstantial allegations . . . are insufficient to establish subject matter jurisdiction in this court."). Likewise, Probst's assertion that he "has a constitutional right to have the public officials elected to office take a lawfully administered Oath of Office and submit a public official's bond with the Oath of Office" (*id.* at PageID.66), does not raise a federal question arising under the constitution. *See Ward v. Marietti*, No. 1:15-cv-295, 2015 WL 1781516, at *3 (W.D. Mich. Apr. 20, 2015) (holding that the defendant judge's failure to provide his oath of office, "bond number," and "bonding company" did not give rise to a constitutional violation). Last, although Probst purports to assert a *Monell* claim against the County, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Banks and their attorneys are not County employees, and Judge Hoopes is an employee of the State of Michigan, not the County. *See Chee v. Washtenaw Cnty.,* No. 08–CV–11416, 2008 WL 2415374, at *4 (E.D. Mich. June 12, 2008) (noting that a state circuit court judge "is not an employee of the County, but of the State of Michigan."); *Elliott v. Hoort*, No. 1:07–cv–904, 2008 WL 1745589, at *2 n.2 (W.D. Mich. Aug.14, 2008) ("Michigan circuit judges are not county employees, nor are they under the county's control. Rather, they are members of the state's independent judicial branch.").

As for diversity jurisdiction, although Probst alleges that the amount of his claim "exceed[s] two hundred thousand dollars" (*id.* at PageID.64), he fails to allege complete diversity, as required by 28 U.S.C. § 1332(a). *See Geoshack Canada Co. v. Hendriks*, Nos. 22-3047/3066, 2022 WL 2387340, at *1 (6th Cir. June 28, 2022) (noting that diversity jurisdiction "requires 'complete diversity,' that is, 'the citizenship of each plaintiff is diverse from the citizenship of each defendant'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Here, Probst, a citizen of Michigan, fails to establish that he and all Defendants, including two attorneys who practice law in Michigan, are citizens of different states.[1]

Finally, it appears that the Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state

---

[1] The amended complaint omits Jessamyne Kalabat as a Defendant in the caption, although she is a Michigan attorney who practices law at the same firm as Defendant Bayliss.

5

court judgment—situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Here, Probst's amended complaint falls into the former group of cases—an impermissible attack on a state-court judgment. Probst explicitly alleges that Judge Hoopes entered orders without jurisdiction after Probst filed the notice of removal, including an order for possession of property in favor of Defendant Comerica Bank and against Probst. (ECF No. 11-1 at PageID.66–67, 74.) Probst specifically requests that this Court enter an order stating that Judge Hoopes' order for possession is null and void.[2] (*Id.* at PageID.76.) However, it is well established that there is no federal jurisdiction when, as here, "the claim is 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)).

### B. Eleventh Amendment Immunity

Although Probst does not specifically allege an official-capacity claim against Judge Hoopes for money damages, any such claim would be subject to dismissal because it is barred by the Eleventh Amendment. The Eleventh Amendment is a jurisdictional bar that a court may raise *sua sponte* at any point in the litigation. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived

---

[2] Probst's allegation that Bayliss and Judge Hoopes were not licensed with the State Bar of Michigan is not factual, as the State Bar's website shows that both are active members of the bar in good standing.

immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to suit in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Because Judge Hoopes is a state employee, she is entitled to Eleventh Amendment immunity on official capacity claims. *See Smith v. Skryzynski*, No. 2:16-CV-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who are sued in their official capacities."); *Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773, at *6 (E.D. Mich. Feb. 18, 2010) ("[A]s a state employee sued in his official capacity, the suit is really against the State of Michigan and, therefore, Judge Hultgren is entitled to immunity from suit pursuant to the Eleventh Amendment and the doctrine of sovereign immunity."). Thus, any official capacity claim against Judge Hoopes must be dismissed.

      **C.**      **Failure to State a Claim**

Even if Probst has arguably alleged federal question jurisdiction, he fails to state a claim against any Defendant. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is

7

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Probst is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### 1. Judge Hoopes

Plaintiff's claims for damages against Judge Hoopes in her individual capacity are barred by the doctrine of absolute judicial immunity. It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "Whether an act is judicial depends on the nature and function of the act, not the act itself." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (internal quotation marks omitted) (quoting *Mireles*, 502 U.S. at 13). The analysis involves two considerations: "(1) looking to the nature of the act itself, whether the act is a 'function normally performed by judge' and (2) regarding the expectations of the parties, whether the parties 'dealt with the judge in h[er] judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12). The Sixth Circuit has observed that the line between judicial acts covered by immunity and those that are not "is not self-revealing." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019). The court added:

> Two illustrations come to mind. If a judge with general criminal jurisdiction ruled that an act amounted to a crime when it did not, he would merely act in excess of jurisdiction and thus be immune from a § 1983 lawsuit challenging his decision. But if a probate judge assumed authority over a criminal case, the judge would act in the clear absence of jurisdiction because he is invested only with authority over wills and the settlement of estates of deceased persons.

*Id.* (internal quotation marks and citations omitted).

Here, it is clear that Judge Hoopes acted in a judicial capacity when she entered the order of possession in favor of Comerica Bank. Entering an order is clearly a judicial function, and eviction proceedings are well within the jurisdiction of Michigan district judges. Probst's assertion that Judge Hoopes lacked jurisdiction as a result of the notice of removal when she entered the order of possession and performed other judicial functions is insufficient to deprive Judge Hoopes of judicial immunity, as her acts were, at most, in excess of her jurisdiction. *See Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 2:22-cv-6623, 2023 WL 7151580, at *4 (D.N.J. Oct. 31, 2023) (rejecting the plaintiff's assertion that a state-court judge's actions taken after the plaintiff filed a notice of removal were taken in the complete absence of all jurisdiction because they were merely "'an act in excess of jurisdiction [rather than] one in the absence of jurisdiction'" (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 444 (3d Cir. 2000)); *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20-CV-9784, 2021 WL 4700543, at *8 (S.D.N.Y. July 6, 2021), *report and recommendation adopted*, 2022 WL 901660 (S.D.N.Y. Mar. 28, 2022) (holding that "the plaintiff's conclusory allegation that his notice of removal deprived the New York [state] court of subject matter jurisdiction" was "insufficient to show that the defendant acted in 'the complete absence of all jurisdiction'" (quoting *Mireles*, 502 U.S. at 11–12)). Moreover, as noted, because Plaintiff's notice of removal failed to establish this Court's subject matter jurisdiction, this Court never had jurisdiction over the eviction proceeding in the first place. Accordingly, Probst's claims for damages against Judge Hoopes are barred by absolute judicial immunity.

## 2. The Banks and Defendant Bayliss

Probst does not expressly state that he intends to sue the Banks and Defendant Bayliss pursuant to 42 U.S.C. § 1983, but his allegation that they conspired to take his property in violation of his right to due process under the Fourteenth Amendment suggests that he does. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Banks are private corporations, not state actors. Moreover, Probst fails to allege any fact indicating that they could be considered state actors under any theory recognized by the Supreme Court, *see Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (describing: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test). Thus, Probst cannot assert a claim against the Banks under Section 1983. *See Thornton-Bey v. Comerica Bank*, No. 11-13787, 2012 WL 1110008, at *2–3 (E.D. Mich. Mar. 15, 2012), *report and recommendation adopted*, 2012 WL 1132142 (E.D. Mich. Apr. 3, 2012) (finding that Comerica Bank, a non-governmental entity, was not a state actor under any of the Supreme Court's relevant tests).

Defendant Bayliss, a private practice attorney, also is not a state actor. It is well established that private attorneys are not state actors for purposes of constitutional claims under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Geiling v. Wirt Fin. Servs., Inc.*, No. 14-11027, 2014 WL 8473822, at *68 (E.D. Mich. Dec. 31, 2014), r*eport and recommendation adopted in part and rejected in part*, 2015 WL 1529866 (E.D. Mich. Mar. 31, 2015) (stating that "attorneys do not become state actors either by virtue of their position or by using court procedures, such as subpoenaing evidence"). The Sixth Circuit has noted that this principle holds true even when private-sector attorneys represent government entities. *Blackwell v. Allen*, No. 22-1300, 2022 WL 17832191, at *6 (6th Cir. Dec. 21, 2022) ("A private-sector attorney does not

automatically become a state actor just by representing a government entity."). Here, of course, nothing in the complaint suggests that the Banks are anything more than private companies. Thus, Defendant Bayliss may not be held liable under Section 1983.[3]

Finally, apart from not being state actors, Probst fails plausibly to allege that the Banks or attorney Bayliss did anything to violate his constitutional rights.

### 3. The County

As noted above, Probst attempts to assert a *Monell* claim against the County for its lack of "policies in place to direct the employees of the County of Muskegon to enforce and protect the constitutional rights of he plaintiff." (ECF 11-1 at PageID.65.) Under Section 1983, liability does not attach to a municipality based on the actions of its employee tortfeasors under the doctrine of respondeat superior; instead, such liability may only be imposed on the basis of the municipality's own custom or policy. *Monell*, 436 U.S. at 691. A plaintiff who seeks to impose liability on local government under Section 1983 must prove that an action pursuant to an official policy or custom caused their injury. *Id.* "[T]he official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body," *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694), and that body may be held liable only for constitutional violations resulting from its official policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 n. 6 (1986) (citations omitted).

Here, Probst fails to state a *Monell* claim against the County. First, as noted above, Probst fails plausibly to allege that a County employee violated his constitutional rights. The Banks and their attorneys are not County employees, and Judge Hoopes is an employee of Michigan's

---

[3] Although Probst has omitted Jessamyne Kalabat from the caption of the amended complaint, he continues to refer to her in the body of the amended complaint. (ECF No. 11-1 at PageID.67.) To the extent it is determined that Defendant Kalabat remains in the case, she, like Defendant Bayliss, is not a state actor merely because she is an attorney.

judiciary, not the County. Second, Probst fails to allege how the County's lack of a policy violated his rights. The County was not involved in the mortgage loan, did not initiate the non-judicial foreclosure, and was not a party in the eviction proceeding. Thus, Probst fails to allege injury resulting from a County policy or lack thereof. Accordingly, the claims against the County should also be dismissed.

### III. Conclusion

In sum, **IT IS HEREBY ORDERED** that Probst's motion for leave to file an amended complaint (ECF No. 11) is **GRANTED**.

For the foregoing reasons, I recommend that the Court dismiss Probst's amended complaint for lack of jurisdiction and/or failure to state a claim and because it seeks monetary relief from a defendant who is immune from such relief.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Probst appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: October 1, 2024                                             /s/ Sally J. Berens
                                                                  SALLY J. BERENS
                                                                  U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).