UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT PROBST,

    Plaintiff,

v.

COMERICA BANK, et al.,

    Defendants.
_____/

Case No. 1:24-cv-989

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

On September 20, 2024, Plaintiff, proceeding pro se, initiated this action against various Defendants, alleging claims arising from his mortgage loan and a state-court action to recover possession of property. On October 1, 2024, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that Plaintiff's case be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2) because the Court lacks subject-matter jurisdiction and Plaintiff's Amended Complaint fails to state a claim and seeks monetary relief from a Defendant who is immune from that form of relief (R&R, ECF No. 13 at PageID.78–79).[1] The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 16). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which

---

[1] Also on October 1, 2024, Plaintiff filed a motion for leave to file a second amended complaint (ECF No. 14), which the Magistrate Judge has denied (Order, ECF No. 15).

objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.

Plaintiff challenges the Magistrate Judge's jurisdictional analysis, arguing that 42 U.S.C. § 1983 provides this Court with jurisdiction over his due process/unconstitutional takings claims (Pl. Obj., ECF No. 16 at PageID.119–122). Even assuming arguendo that this Court could properly exercise jurisdiction over Plaintiff's claims, Plaintiff wholly fails to address—let alone identify error in—the Magistrate Judge's thorough analysis and conclusion that Plaintiff has failed to state a plausible claim against any Defendant. *See* R&R, ECF No. 13 at PageID.84–90.

Plaintiff also contends that the Magistrate Judge "failed to address the very issue of jurisdiction in the state court" (Pl. Obj., ECF No. 16 at PageID.121). Plaintiff's contention is misplaced. The Magistrate Judge acknowledged Plaintiff's claim that the state court judge "violated his constitutional rights by entering an order when she lacked jurisdiction to do so" (R&R, ECF No. 13 at PageID.79). And the Magistrate Judge determined that Plaintiff did not state a plausible claim (*id.* at PageID.87) ("Entering an order is clearly a judicial function, and eviction proceedings are well within the jurisdiction of Michigan district judges.").

Last, Plaintiff points out that he named the County of Muskegon as a Defendant based on (1) Plaintiff's belief that the state court judge is "an employee of the county" and (2) Plaintiff's allegation that the county lacks a "policy in place to protect the constitutional rights of those individuals that encounter the county or its employees" (Pl. Obj., ECF No. 16 at PageID.121–122). However, Plaintiff does not address—let alone identify error in—the Magistrate Judge's determination that the state court judge is *not* a county employee, which forecloses Plaintiff's *Monell* claim. *See* R&R, ECF No. 13 at PageID.81, citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In sum, Plaintiff's objections are properly denied, and this Court therefore approves and adopts the Magistrate Judge's Report and Recommendation as the Opinion of the Court. Accordingly, a Judgment will also be entered. *See* FED. R. CIV. P. 58. For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 11-1) is DISMISSED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay (ECF No. 2), motion to compel discovery (ECF No. 3), application for electronic filing in this case (ECF No. 17), and third motion for leave to amend (ECF No. 18) are DISMISSED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: October 31, 2024         /s/ Jane M. Beckering
                                JANE M. BECKERING
                                United States District Judge